UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Susan Lloyd,                                                    Civil No. 22-2421 (DWF/DJF)

          Plaintiff,

v.                                                                             MEMORANDUM
                                                                     OPINION AND ORDER
TD Bank USA NA CO Target Enterprise,
Inc., and Target Corporation,

          Defendants.

# INTRODUCTION

This matter is before the Court on Defendant TD Bank USA, N.A.'s motion to dismiss (Doc. No. 15) and *pro se* Plaintiff Susan Lloyd's motion for leave to file a second amended complaint (Doc. No. 21). For the reasons set forth below, the Court grants TD Bank's motion to dismiss and respectfully denies Plaintiff's motion for leave to file a second amended complaint.

# BACKGROUND

Plaintiff brought this action asserting claims for violations of the Fair Debt Collections Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), Unfair Trade Practices and Consumer Protection Law, and Intentional and/or Negligent Infliction of Emotional Distress. (Doc. No. 1.) TD Bank moved to dismiss the original Complaint. (Doc. No. 7.) Plaintiff filed an Amended Complaint, reasserting the original

claims plus a new claim under the American with Disabilities Act ("ADA") and adding Target Corporation ("Target") as a Defendant. (Doc. No. 14 ("Am. Compl.").)[1]

All of Plaintiff's claims, with the exception of her newly asserted ADA claim, relate to a Target-branded credit card issued to Plaintiff by TD Bank in February 2016. (Am. Compl. ¶¶ 2, 7.) In short, Plaintiff alleges that Defendants destroyed her excellent credit rating by entering false information on her credit reports and refusing to remove it, which caused Plaintiff to be homeless for several years. Specifically, Plaintiff alleges that she believes her account balance on the account is zero, and she claims that she "has received nothing from Defendant since on or about June 2018." (*Id*. ¶ 8.) Plaintiff also alleges that despite the asserted zero balance, TD Bank has been furnishing information on her consumer report that the account was charged off in October 2019 and has been trying to collect a balance of $1,800.00. (*Id*. ¶ 9.)[2] Plaintiff also alleges that TD Bank illegally used an Ohio-based debt collector, Javitch Block, to collect money from Lloyd and later sued Plaintiff in Ohio June 2021, but the lawsuit was "dismissed in Lloyd[']s favor . . . as Lloyd is not an Ohio resident since 2018." (*Id*. ¶ 12.) Plaintiff asserts that she "sent Defendants[3] a validation/verification of the debt which they have listed on

---

[1]  The motion at Doc. No. 7 is denied as moot. In addition, Defendant Target Corporation moves to join in the pending motion to dismiss. (Doc. No. 34.) That motion is granted.

[2]  To "charge off" an account means "[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt." BLACK'S LAW DICTIONARY (11th ed. 2019).

[3]  In her Amended Complaint, Plaintiff refers to Defendants, even though it was TD Bank who sued Plaintiff. In fact, throughout her Amended Complaint, Plaintiff refers to

2

Lloyd[']s credit report but they have failed to respond." (*Id.* ¶ 11.) TD Bank has been using an Ohio-based debt-collection firm, Javitch Block, to attempt to collect the debt. Plaintiff, however, has not lived in Ohio since 2018. (*Id.* ¶ 12.) Plaintiff's new claim under the ADA is based on her allegation that she "is a person with disabilities" and rides a mobility scooter, but "cannot use [Target stores] to the fullest extent and cannot enjoy them like a nondisabled guest." (*Id.* ¶ 14.) Defendants have moved to dismiss all of Plaintiff's claims. The Court considers each below.

## DISCUSSION

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

---

both Defendants plural even when it is clear that both Defendants could not have engaged in the alleged conduct.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Further, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In assessing a complaint by a *pro se* plaintiff, the Court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation and citation omitted). Despite the liberal construal of such complaints, a *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006)

(quotation and citation omitted).  Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id*. (*quoting Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)) (quotation and citation omitted).

A.   **ADA (Count One)**

In Count I, Plaintiff asserts an ADA claim based on an alleged lack of accessibility at two Target stores in Ohio and one in Pennsylvania.  (*Id*. ¶ 14.)  While Plaintiff asserts this claim against Defendants generally, it applies only to Target.  There are no allegations that TD Bank is involved in the operation of Target stores or that would otherwise suggest that TD Bank bears any responsibility for the operation of Target stores.  For this reason, this claim is properly dismissed insofar as it is asserted against TD Bank.

In addition, the Court dismisses this claim as it is asserted against Target because it is improperly pled as completely unrelated to the original complaint and constitutes a "kitchen sink" or "shotgun" pleading.  Courts in this district have "repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant." *See, e.g.*, *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).  Such complaints shift "onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Id*.  Most problematically for plaintiffs filing 'kitchen-sink' complaints, it becomes nearly impossible for the court to discern whether they state viable claims for

5

relief because their allegations become "wreathed in a halo of frivolous and near-frivolous legal claims. The bad obscures the good." *Id*. at 1154. *See also, e.g.*, *White v. Dayton*, 11-cv-3702, 2023 WL 21918, at *3 (D. Minn. Jan. 3, 2023) (noting that one problem created by the kitchen-sink approach is that "because [p]laintiffs impute nearly every action in the Complaint to every Defendant, it is impossible for the Court to determine from the pleadings which of the allegations it should construe literally, and which it should assume result from sloppy draftsmanship").

Plaintiff originally brought this action against TD Bank concerning her credit-card account. In her Amended Complaint, Plaintiff adds a new ADA claim against a new Defendant (Target). The ADA allegations do not involve TD Bank, even though Plaintiff asserts the claim against both Defendants. In addition, the new ADA claims do not relate to the claims that Plaintiff originally asserted against TD Bank. Plaintiff muddies the waters by inserting the new ADA claim and asserting all claims against both Defendants, even though it is apparent that the ADA claim does not apply to TD Bank and the remaining claims do not apply to Target. Because Plaintiff's Amended Complaint, and in particular, the newly asserted ADA claim creates the issue of a "kitchen sink" or "shotgun" pleading, the Court finds that that claim is appropriately dismissed without prejudice.[4]

---

[4] In her opposition, Plaintiff does not offer any arguments as to why her claims should not be dismissed, but rather she asks the Court to permit her to file a Second Amended Complaint. (Doc. No. 26 at 1-2; *see also* Doc. No. 21.) However, after careful review of the proposed second amended complaint, the Court finds that amendment is futile because the amended claims would still fail to state a claim for relief. Accordingly, Plaintiff's request to file a second amended complaint is respectfully denied.

For the above reasons, the Court grants the motion to dismiss the ADA claim. This claim is properly dismissed with prejudice as it is asserted against TD Bank and without prejudice as it is asserted against Target.

**B.     Fraud (Count Two)**

In Count Two, Plaintiff alleges that TD Bank[5] engaged in fraud when it supplied false information to credit bureaus about Plaintiff in an attempt to collect an amount from Plaintiff that they could not validate or verify and when it used a third party (Javitch Block) to attempt to collect the amount from Plaintiff. TD Bank argues that the fraud claim is preempted by the FCRA insofar as it relates to TD Bank's responsibilities as a furnisher of information to consumer reporting agencies (CRAs). The FCRA provides in relevant part:

> Except as provided in sections 1681n [willful violations of the FCRA] and 1681o [negligent violations of the FCRA] of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, *or any person who furnishes information to a consumer reporting agency*, based on information disclosed pursuant to section 1681g [governing disclosures to consumers by CRAs and others], 1681h, or 1681m [governing disclosures by users of consumer reports] of this title, . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphasis added). When this provision applies, it preempts state law claims for defamation, negligence, fraudulent misrepresentation, and intentional

---

[5]     While Plaintiff asserts this claim against Defendants, it is apparent from the allegations that it is asserted only against TD Bank. Because the Court has dismissed Plaintiff's ADA claim, the Court now interprets the remaining claims to be asserted only against TD Bank. This is consistent with the allegations of the original complaint.

7

infliction of emotional distress, entitling a defendant to qualified immunity against the same. *See, e.g.*, *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980) (defamation and negligence); *Gohman v. Equifax Info. Servs., LLC*, 395 F. Supp. 2d 822, 828-29 (D. Minn. 2005) (state-law defamation and tortious interference); *Ilodianya v. Cap. One Bank USA NA*, 853 F. Supp. 2d 772, 775 (E.D. Ark. 2012) (defamation and intentional infliction of emotional distress); *Hill v. Equifax Info. Servs.*, LLC, 974 F. Supp. 2d 865, 877-78 (M.D. N.C. 2013) (fraud and intentional infliction of emotional distress). Because there are no factual allegations that would support a finding of malice or willful intent, Plaintiff's fraud claim is preempted.

In addition, the Court finds that Plaintiff's fraud claim suffers from a more fundamental flaw. Under Minnesota law, a claim for fraudulent misrepresentation requires:

> (1) a false representation by [the defendant] of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce [the plaintiff] to act in reliance thereon; (4) that the representation caused [the plaintiff] to act in reliance thereon; and (5) that [the plaintiff] suffered pecuniary damages as a result of the reliance.

*Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 368 (Minn. 2009). Here, the only possible "false representation" is furnishing "false information" to the credit bureaus. However, as explained above, the FCRA preempts any claim related to that

8

conduct. Moreover, Plaintiff has not alleged that TD Bank knew that any information it was furnishing was false or that it intended to induce Plaintiff's reliance.[6]

For this additional reason, Plaintiff's fraud claim fails and Count Two is properly dismissed.

### C. Breach of Contract (Count Three)

In Count Three, Plaintiff alleges a claim for breach of contract. To state a claim for breach of contract under Minnesota law, a plaintiff must allege: (1) formation of a valid contract; (2) performance of conditions precedent by the plaintiff; and (3) breach of the contract by the defendant. *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014); *Toomey v. Dahl*, 63 F. Supp. 3d 982, 997-98 (D. Minn. 2014). However, Plaintiff does not allege the existence of a specific duty or promise that TD Bank failed to perform or that TD Bank did something that it promised not to do. Plaintiff alleges that there is nothing in their contract with Plaintiff that states that they can use a third party to collect debt. This does not suffice. For this reason, Count Three is properly dismissed.

### D. FDCPA (Count Four)

In Count Four, Plaintiff alleges a claim under the FDCPA. Plaintiff alleges that TD Bank failed to respond to Plaintiff's validation/verification letters that were received

---

[6] Plaintiff also alleges that Defendants "falsely allowed third parties to collect debt from" Plaintiff after Plaintiff relied on "information that Defendants would not use third parties to collect." (Am. Compl. ¶ 17.) However, Plaintiff does not allege any corresponding representation, only that "Defendants never informed [Plaintiff] they w[ould] use third parties to collect debt from [Plaintiff]." (*Id.*) This allegation does not suffice to show a false representation.

by Best Buy on or around March 21, 2022, and then attempted to collect a debt not owed by having it on Plaintiff's credit report.

The FDCPA applies to debt collectors and civil liability under the Act only covers a "debt collector" who fails to comply.  15 U.S.C. § 1692; *see also* 15 U.S.C. § 1692c(a) ("a *debt collector* may not communicate with a consumer in connection with the collection of any debt" except under certain restrictions); § 1692d ("A *debt collector* may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."); § 1692e ("A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."); § 1692f ("A *debt collector* may not use unfair or unconscionable means to collect or attempt to collect any debt.") (emphasis added).  Further, the Act defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts *owed or due or asserted to be owed or due another* . . . .  The term does not include –
> 
> (A)  any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor.

15 U.S.C. §§ 1692a(6), 1692a(6)(A).  Generally, the Act applies only to debt collectors and creditors are not covered by the Act.  *See Reygadas v. DNF Assocs., LLC*, 982 F.3d 1119, 1122 (8th Cir. 2020) ("Because Congress's focus was on the practices of independent debt collectors, the statute excludes from the definition of "debt collector" any creditor 'collecting his own debts' using his own name, and employees and affiliates 'collecting debts for such creditor.'") (citing 15 U.S.C. § 1692a(6)(A), (B), (F));

*Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed. App'x 128, 130 n.4 (3d Cir. 2009); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000); *Schlosser v. Fairbanks Cap. Corp.*, 323 F.3d 534, 536 (7th Cir. 2003); *Schroeder v. Feld*, 426 F. Supp.3d 602, 611 (D. Neb. 2019) (citing *Behrens v. GMAC Mortg., LLC*, Civ. No. 8:13-72, 2013 WL 6118415, at *2 (D. Neb. 21, 2013), *aff'd sub nom. Behrens ex rel. Behrens v. GMAC Mortg., LLC*, 566 F. App'x 546 (8th Cir. 2014) (citing cases).

Because TD Bank is a creditor collecting its own debts, and not a debt collector under the Act, the Act does not apply. Therefore, Count Four is properly dismissed.

**E.     FCRA (Count Five)**

In Count Five, Plaintiff alleges a claim under the FCRA. Plaintiff alleges that TD Bank continues to state that Plaintiff owes it $1,800.00 for a debt that they cannot validate/verify and a debt that they sued Plaintiff for (in Ohio), a case which was dismissed in Plaintiff's favor. Plaintiff alleges that TD Bank attempted to collect that debt and failed to correct Plaintiff's credit reports after she disputed the information with the CRAs.

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (internal citations omitted). Under the FCRA, when a furnisher of credit information, such as TD Bank, receives notice from a CRA that a consumer disputes "the completeness or accuracy of any information provided by a [furnisher] to a consumer reporting agency," certain responsibilities are

11

triggered. *See* 15 U.S.C. § 1681s-2(b)(1). In short, if a furnisher receives notice of a consumer's indirect dispute from a CRA, the furnisher must investigate the dispute and then report the results to the CRA that provided notice of the indirect dispute. *See Sherman v. Sheffield Fin. L.L.C.*, 627 F. Supp. 3d 1000, 1009 (D. Minn. 2022). It must also report the results to the other CRAs if the investigation finds the disputed information was incomplete or inaccurate. *Id*.

Here, there is no dispute that TD Bank is a furnisher of credit information subject to the FCRA. To trigger a furnisher's responsibilities under § 1681s-2(b), "a [CRA] must have notified the furnisher of a dispute about the inaccuracy of the credit report." *Walton v. Bank of Am.*, Civ. No. 1:11-685, 2012 WL 566305, at *3 (S.D. Ind. Feb. 17, 2012). In addition, some courts have concluded that a plaintiff must allege that the inaccurate reporting was factual, not legal, in nature. *See, e.g.*, *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018) (requiring a threshold showing of facts establishing that the furnisher reported inaccurate or incomplete information); *Hunt v. JP Morgan Chase Bank, N.A.*, 770 F. App'x 452, 458 (11th Cir. 2019) ("A plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher."); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018) (noting the threshold showing of inaccuracy or incompleteness). *But see Hrebal v. Seterus, Inc.*, 598 B.R. 252, 269 (D. Minn. 2019) (finding the argument that the mere existence of a disputed legal question does not render credit reporting inaccurate under the FCRA inapposite).

Here, Plaintiff alleged that TD Bank is furnishing information about a debt that Plaintiff allegedly does not owe. However, Plaintiff asserts that she does not owe this debt because TD Bank failed to notify her that her account's late-payment status and charged-off status would be listed on her credit report (Am. Compl. ¶ 9) or because TD Bank did not verify or validate the charged-off debt (*id*. ¶ 26). Plaintiff's allegations do not show a *factual* inaccuracy. Instead, Plaintiff appears to argue an alleged inaccuracy based on a legal conclusion or legal issue. This cannot support an FCRA claim under the facts of this case.

Further, the Court notes that even if Plaintiff need not allege a factual inaccuracy, the claim would still fail. Plaintiff does not allege that she never owed a debt to TD Bank, that she did not incur $1,800.00 in charges on her credit card, or that the account was not legitimately charged-off. The unpaid balance of the charged-off account can be reported to CRAs for up to seven years after the charge off. *See* 15 U.S.C. § 1681c(a)(4). While Plaintiff alleges that she "paid the card in full by late 2018" (Am. Compl. ¶¶ 7-8), she does not allege that she did not incur the additional charges that were charged-off in 2019. In fact, she specifically alleges that Defendants charged off the debt. (*Id*. ¶ 9.) Thus, Plaintiff has not adequately alleged an inaccuracy under the FCRA.

**F.    Unified Trade Practices and Consumer Protection Law Claim (Count Six)**

In Count Six, Plaintiff alleges a claim under the Unified Trade Practices and Consumer Protection Law. Plaintiff alleges that TD Bank is attempting to get Plaintiff to pay them $1,800.00 when they have failed to verify the debt and by using an unauthorized third party (Javitch Bank) to collect a debt that Plaintiff does not owe.

13

Plaintiff, however, does not identify a specific statute or identify any statutory duty that TD Bank allegedly violated.  The lack of specificity dooms Plaintiff's claim, as Rule 8 requires more than a naked assertion without factual support.  Plaintiff has not met that burden.  Count Six therefore fails to state a claim upon which relief can be granted and is properly dismissed.

**G.    Infliction of Emotional Distress (Count Seven)**

In Count Seven, Plaintiff alleges a claim for intentional and/or negligent infliction of emotional distress.  Plaintiff alleges that TD Bank knew or should have known that it was causing Plaintiff emotional distress by causing harm to her credit after failing to validate the alleged $1,800.00 in debt, failing to respond to her validation/verification letters, and attempting to collect a debt not owed by having it on Plaintiff's credit report.  However, this claim, like Plaintiff's fraud claim discussed above, is preempted by the FCRA.  (*See* Section B above.)

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    TD Bank's Motion to Dismiss Plaintiff's original complaint (Doc. No. [7]) is **DENIED AS MOOT**.

2.    TD Bank's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. [15]) is **GRANTED** as follows:

14

      a.      Count One is **DISMISSED WITH PREJUDICE** as it is asserted against TD Bank and **DISMISSED WITHOUT PREJUDICE** as it is asserted against Target.

      b.      Count Two is **DISMISSED WITH PREJUDICE**.

      c.      Count Three is **DISMISSED WITH PREJUDICE**.

      d.      Count Four is **DISMISSED WITH PREJUDICE**.

      e.      Count Five is **DISMISSED WITH PREJUDICE**.

      f.      Count Six is **DISMISSED WITH PREJUDICE**.

      g.      Count Seven is **DISMISSED WITH PREJUDICE**.

3.      Plaintiff's Amended Complaint (Doc. No. [14]) is **DISMISSED** as outlined above.

4.      Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. No. [21]) is **DENIED**.

5.      Defendant Target Corporation's motion to join TD Bank's motion to dismiss (Doc. No. [34]) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 17, 2023                       s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge